UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN OROZCO, | No. 2:14-cv-1404 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., | |
| Defendant. | |

Plaintiff is a civil detainee confined at Coalinga State Hospital ("CSH") and proceeding pro se.[1] He seeks a writ of mandamus compelling state officials to relocate him to another state hospital, where he is not at risk of contracting Valley Fever. He asks this court to "compel compliance with" the June 24, 2013 order issued in Plata v. Brown, No. 01-cv-1351 TEH (N.D. Cal.), granting plaintiffs' Motion for Relief Re: Valley Fever at Pleasant Valley and Avenal State Prisons.[2]

---

[1] It appears from his pleading that plaintiff is detained pursuant to California Welfare and Institutions Code § 6600 et seq. Such persons are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

[2] The Plata class-action suit concerns the constitutional adequacy of CDCR's inmate medical health care. The Plata class consists of "all prisoners in the custody of the [California Department of Corrections] with serious medical needs." (Stip. for Inj. Relief 5, ECF No. 24, No. 01–cv–1351 TEH (N.D. Cal.).) The court takes judicial notice of this action.

Plaintiff is not a member of the Plata class, however. Nor is plaintiff a class member in Coleman v. Brown, No. 2:90-cv-0520 LKK JFM (E.D. Cal.), which concerns the constitutional adequacy of CDCR's inmate mental health care. (See ECF No. 1.) Thus the court considers his individual request for relief in the form of a transfer.

Though plaintiff has styled his complaint as a petition for writ of mandamus, it is better construed as a civil rights complaint under 42 U.S.C. § 1983 for injunctive relief.[3] See Layton v. Knipp, No. 2:13-cv-1618 AC P (E.D. Cal.), 2013 WL 5348153, *2 ("Because the court cannot grant the mandamus relief sought [injunction preventing plaintiff's transfer to prison where Valley Fever was present], plaintiff's complaint is better construed as a civil rights complaint under 42 U.S.C. § 1983 for injunctive relief.") Plaintiff effectively asserts that, due to his "age, health status, and/or ethnicity," his confinement at CSH, in an area "prone to the transmission of Valley Fever," constitutes an excessive risk to his health and safety.[4]

Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[5] See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

---

[3] The All Writs Act, 28 U.S.C. § 1651 provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act does not confer original jurisdiction on federal courts, but may be invoked only to aid already existing jurisdiction. 28 U.S.C. § 1651(a). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances." Brown v. Gilmore, 533 U.S. 1301 (2001) (internal quotations and citations omitted). "Such an injunction is appropriate only if the legal rights at issue are indisputably clear." Id. (internal quotations and citations omitted). Here, plaintiff's allegations do not qualify for writ relief.

[4] As a civil detainee, plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romero, 457 U.S. 307, 315 (1982). A determination whether plaintiff's rights were violated requires the "balancing of his liberty interests against the relevant state interests." Id. at 321.

[5] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to redesignate this action as a prisoner civil rights action pursuant to 42 U.S.C. § 1983;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 27, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / oroz1404.3a_mandamus