UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN OROZCO,<br><br>          Plaintiff,<br><br>     v.<br><br>EDMUND G. BROWN, JR.,<br><br>          Defendant. | No.  2:14-cv-1404 MCE CKD P<br><br><br><br>ORDER |

I. Introduction

      Plaintiff is a civil detainee proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 2; see ECF No. 7.)  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is confined at Coalinga State Hospital ("CSH"), where he claims to be at risk of contracting Valley Fever.  He seeks injunctive relief in the form of a transfer to a different state hospital.  Plaintiff names California Governor Edmund G. Brown as the sole defendant in this action.  (ECF No. 2.)

////

////

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III. Analysis

At a bare minimum, a civil detainee cannot be subjected to conditions that amount to punishment. Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004), citing Bell v. Wolfish, 441 U.S.

1  520, 536–37 (1979).  A civil detainee is entitled to more considerate treatment than his criminally

2  detained counterparts and, when the detainee is confined in conditions identical or more

3  restrictive than his counterparts, the courts presume that the detainee is being subjected to

4  punishment.  Id. at 932 (internal quotations and citations omitted).  The courts have commonly

5  applied Eighth Amendment standards to claims made by civil detainees under the Fourteenth

6  Amendment.  See, e.g., Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (applying Eighth

7  Amendment standards to evaluate pretrial detainees' Fourteenth Amendment claims).

8       Under the Eighth Amendment, prison officials must provide for inmates' basic human

9  needs while in custody, including "food, clothing, shelter, medical care, and reasonable safety."

10  Helling v. McKinney, 509 U.S. 25, 32 (1993).  Moreover, officials can violate the Eighth

11  Amendment by showing deliberate indifference to an inmate's unreasonable risk of future

12  medical harm.  Id. at 35.  To violate the "cruel and unusual punishments" clause, the alleged

13  deprivation must be objectively, sufficiently serious.  Second, there is a subjective requirement

14  that the official display a sufficiently culpable state of mind.  Farmer v. Brennan, 511 U.S. 825,

15  834 (1994) (citations omitted).  However, under the Fourteenth Amendment, the confined

16  individual need not prove deliberate indifference on the part of government officials.  Jones, 393

17  F.3d at 934.

18       Here, plaintiff alleges that, due to his "age, health status, and/or ethnicity," he is at risk of

19  contracting Valley Fever if he remains housed at CSH.  (ECF No. 2 at 3.)  The main flaw of the

20  complaint is that it does not name a proper defendant under § 1983.  There can be no liability

21  under § 1983 unless there is some affirmative link or connection between a defendant's actions

22  and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d

23  164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation

24  in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

25  1982).  Because Governor Brown was not responsible for the decision to keep plaintiff at CSH

26  despite his risk factors, and no other defendants are named, plaintiff's complaint must be

27  dismissed.  The court will, however, grant leave to file an amended complaint.

28  /////

1          Plaintiff should note that although he has been given the opportunity to amend, it is not for
2  the purpose of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If
3  plaintiff chooses to amend the complaint, he should carefully read this screening order and focus
4  his efforts on curing the deficiencies set forth above. In an amended complaint, plaintiff must
5  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
6  constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint
7  must allege in specific terms how each named defendant is involved.

8          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading. This is because, as a
11 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
12 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
13 longer serves any function in the case.

14 IV.  Motion for Protective Order

15         Also before the court is plaintiff's July 14, 2014 motion for injunctive relief. Unlike the
16 complaint, plaintiff's motion alleges "medical abuse" and retaliation by CSH medical staff. He
17 seeks an order protecting him from such abuse and retaliation. (ECF No. 6.)

18         First, as plaintiff has not stated a cognizable claim against any defendant, his motion for
19 injunctive relief is premature. Second, the harm for which plaintiff seeks relief is outside the
20 scope of the claim at issue in this action. In addition, as a general rule, this court is unable to
21 issue an order against individuals who are not parties to a suit pending before it. See Zenith
22 Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Plaintiff cannot, by this motion,
23 enjoin persons who are not defendants in the underlying action, based on claims that are not set
24 forth in the operative complaint. Accordingly, plaintiff's motion will be denied.

25         In accordance with the above, IT IS HEREBY ORDERED that:
26         1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted;
27         2. Plaintiff's motion for protective order (ECF No. 6) is denied;
28         3. Plaintiff's complaint (ECF No. 2) is dismissed;

1      4. Plaintiff is granted thirty days from the date of service of this order to file an amended
2  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
3  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
4  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
5  two copies of the amended complaint; failure to file an amended complaint in accordance with
6  this order will result in a recommendation that this action be dismissed.

7  Dated: November 5, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14  2 / oroz1404.1new