UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN OROZCO, | No. 2:14-cv-1404 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| EDMUND G. BROWN, JR., | |
| Defendant. | |

Plaintiff is a civil detainee at Coalinga State Hospital. On January 21, 2015, this civil rights action was dismissed without prejudice. (ECF Nos. 14 & 15.) Plaintiff appealed, and on December 2, 2015, the United States Court of Appeals for The Ninth Circuit reversed and remanded. (ECF No. 22.) This judgment took effect on March 11, 2016. (ECF No. 23.)

The Ninth Circuit instructs the district court "to provide Orozco with notice of the deficiencies of his § 1983 complaint and an opportunity to file a new § 1983 complaint with the benefit of that notice." (ECF No. 22.)

Plaintiff has filed two pleadings in this action, both styled as petitions for writs of mandamus. (ECF Nos. 2 & 13.) Both seek a transfer to a state hospital where Valley Fever is not present.

////

////

In its first screening order, the court stated:

> Though plaintiff has styled his complaint as a petition for writ of mandamus, it is better construed as a civil rights complaint under 42 U.S.C. § 1983 for injunctive relief. [FN omitted.] See Layton v. Knipp, No. 2:13-cv-1618 AC P (E.D. Cal.), 2013 WL 5348153, *2 ("Because the court cannot grant the mandamus relief sought [injunction preventing plaintiff's transfer to prison where Valley Fever was present], plaintiff's complaint is better construed as a civil rights complaint under 42 U.S.C. § 1983 for injunctive relief.") Plaintiff effectively asserts that, due to his "age, health status, and/or ethnicity," his confinement at CSH, in an area "prone to the transmission of Valley Fever," constitutes an excessive risk to his health and safety. [FN2]
>
> FN2: As a civil detainee, plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romero, 457 U.S. 307, 315 (1982). A determination whether plaintiff's rights were violated requires the "balancing of his liberty interests against the relevant state interests." Id. at 321.

(ECF No. 7 at 2.) After dismissing with leave to amend, the court found plaintiff's second petition "similar to the request previously addressed by this court." (ECF No. 14.)

In light of the order of remand, the court provides the following additional guidance on seeking relief pursuant to 42 U.S.C. § 1983:

I. <u>Injunctive Relief under § 1983</u>

The Civil Rights Act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

As a civil detainee, plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (citing Youngberg, 457 U.S. at 322). Thus, like pretrial criminal detainees, plaintiff may avail himself of "the more protective [F]ourteenth [A]mendment standard," rather than the Eighth Amendment, when challenging his conditions of confinement. Jones, 393 F.3d at 931. Under this standard, "due process requires that the nature

2

and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Id. (citing Jackson v. Indiana, 406 U.S. 715, 738 (1972)). "At a bare minimum, then, an individual detained under civil process . . . cannot be subjected to conditions that amount to punishment." Jones, 393 F.3d at 932. Although a condition need not be "independently cognizable as a separate constitutional violation" to amount to punishment, it "must either significantly exceed, or be independent of, the inherent discomforts of confinement." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004).

Valley Fever cases brought under the Eighth Amendment are instructive, however. "Courts of this district have held that confinement in a location where Valley Fever is present does not, in and of itself, satisfy the objective element of an Eighth Amendment claim, i.e., that the condition poses an excessive risk of harm." Layton, 2013 WL 5348153, *3 (citing cases).

> Courts have, however, deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff identified a factor responsible for either increasing the risk of contraction of Valley Fever or the severity of infection. See, e.g., Owens v. Trimble, No. 1:11–cv–01540 LJO MJS, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, No. 1:10–cv–1963 DLB, 2012 WL 893783, *2–4 (E.D. Cal. Mar.15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, No. 1:08–cv–0342 AWI SMS, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and additionally race); see also Plata v. Brown, No. C01–1351 TEH, 2013 WL 3200587, *7 n. 10 & *14 (N.D. Cal. June 24, 2013) (finding that certain groups of medically high risk inmates are at an increased risk of harm from Valley Fever infection and therefore should be excluded from Pleasant Valley State Prison and Avenal State Prison).

Id. (finding plaintiff susceptible to Valley Fever had alleged a serious deprivation under the Eighth Amendment; however, plaintiff failed to allege any defendant was personally involved in putting him at risk).

To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978). There must be an actual causal link between the actions of the named defendants and the

alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

To prevail on a request for injunctive relief, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

II.  Leave to Amend

In the pleading filed November 19, 2014, plaintiff alleges that he is a 62-year-old Hispanic male housed at Coalinga State Hospital, which is located on the grounds of Pleasant Valley State Prison.  Inmates and detainees at this location are at risk of contracting Valley Fever.  Unlike some Pleasant Valley inmates, however, plaintiff has not been relocated for his safety.  (ECF No. 13.)

Plaintiff's allegations raise concerns under the Fourteenth Amendment.  However, he has not alleged that any named defendant is personally involved in the claimed constitutional violation.  As this pleading fails to state a § 1983 claim, it will be dismissed with leave to amend.

In any amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a

4

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed November 19, 2014 is dismissed with leave to amend;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal of this action; and

3. The Clerk of Court shall send plaintiff this court's form for initiating a § 1983 prisoner action.

Dated:  March 21, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / oroz1404.remand